## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4173 | **DATE** | 11/13/2002 |
| **CASE TITLE** | MARK MINALGA vs. FIDELITY INVESTMENTS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to December 4, 2002 at 9:00 a.m. Enter Memorandum Opinion And Order. Plaintiff's motion to strike and dismiss defendants' affirmative defenses is granted in part and denied in part. Defendants' first, second, and eighth affirmative defenses are stricken. Defendants' seventh affirmative defense is withdrawn.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | NOV 1 4 2002 | |
| | Notified counsel by telephone. | | date docketed | 62 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 02 NOV 13 PM 3:49 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

| | |
|---|---|
| MARK MINALGA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 4173 |
| v. ) | |
| ) | |
| FIDELITY INVESTMENTS INSTITUTIONAL ) | Judge John W. Darrah |
| OPERATIONS COMPANY, INC., a ) | |
| Massachusetts Corporation; and FIDELITY ) | |
| MANAGEMENT TRUST COMPANY, a ) | |
| Corporation, as trustee of NCR Savings Plan and of ) | |
| the AT&T Long Term Savings Plan for ) | |
| Management Employees, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mark Minalga ("Minalga"), brought suit against Defendants, Fidelity Investments Institutional Operations Company, Inc. and Fidelity Management Trust Company, alleging that Defendants failed to properly distribute Plaintiff's vested interest in certain retirement plans. Defendants filed an answer, including ten affirmative defenses. Presently before this Court is Plaintiff's Motion to Strike and Dismiss Defendants' Affirmative Defenses.

Federal Rules of Civil Procedure 8(c) requires a party to set forth affirmative defenses in a responsive pleading. Fed. R. Civ. P. 8(c). Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense." Fed. R. Civ. P. 12(f). Generally, motions to strike affirmative defenses are disfavored because they potentially serve only to cause delay. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (*Heller*). Such motions are generally granted only when the affirmative defenses are "patently defective and

could not succeed under any circumstances." *Mobey v. Kelly Kean Nissan, Inc.*, 864 F. Supp. 726, 732 (N.D. Ill. 1993).

Affirmative defenses, as pleadings, are subject to the pleading requirements of the Federal Rules of Civil Procedure. *See Heller*, 883 F.2d at 1294. Therefore, affirmative defenses must set forth a "short and plain statement". Fed. R. Civ. Proc. 8(a). The allegations must include either direct or inferential allegations respecting all material elements of the defense asserted. Narrated facts with bare legal conclusions are not sufficient. *Renalds v. S.R.G. Restaurant Group*, 119 F.Supp.2d 800, 802 (N.D. Ill. 2000) (*Renalds*).

Defendants' first affirmative defense states, "Plaintiff has failed to state a cause of action against Fidelity upon which relief may be granted." This first defense is a recitation of the standard for a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). The defense identifies the legal theory without indicating how it is connected to the present case. While the Federal Rules of Civil Procedure allow liberal pleadings, they do not allow a claimant to merely recite the standard for a motion to dismiss under Rule 12(b)(6). *See Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353 (7th Cir. 1982); *Renalds*, 119 F.Supp.2d at 803-04. Accordingly, Defendants' first affirmative defense is stricken.

Defendants' second affirmative defense claims that Defendants are entitled to "recoupment and/or setoff" for the amount of money Plaintiff has received from Defendants. The introductory paragraph to Defendants' affirmative defenses alleges that the funds at issue were deposited in Plaintiff's bank account and that most of the funds were used to pay Plaintiff's debts. Further, Defendants allege that a Kane County divorce court compensated Plaintiff for his alleged losses when dividing marital assets between the Plaintiff and his former wife, who

allegedly stole the checks for the funds at issue.

A "setoff" is a "counterdemand against the plaintiff, arising out of a transaction independent of the plaintiff's claim". Blacks' Law Dict. 1376 (7th ed. 1999). A "recoupment" is a "[r]eduction of a plaintiff's damages because of a demand by the defendant arising out of the same transaction". Blacks' Law Dict. 1280 (7th ed. 1999). Neither the introductory paragraph nor the second affirmative defense alleges, directly or inferentially, that Defendants have a counterdemand against the Plaintiff. Accordingly, the second affirmative defense fails to sufficiently plead either a set-off or recoupment and is stricken.

Defendants' third affirmative defense alleges satisfaction. The introductory paragraph and third affirmative defense sufficiently place the Plaintiff on notice of this defense. Accordingly, the third affirmative defense is not stricken.

Defendants' fourth affirmative defense alleges unjust enrichment. Unjust enrichment is not an affirmative defense. *See Warrior Ins. Group, Inc. v. Insureon.com, Inc.*, 2000 WL 1898867 (N.D. Ill. Dec. 29, 2000). However, if a party mistakenly designates a counterclaim as a defense, the court can treat the pleading as if it had been properly designated. Fed. R. Civ. P. 8(c). Accordingly, the affirmative defense can be treated as a counterclaim. While Defendants cannot ultimately prevail on an unjust enrichment claim if the relationship is entirely guided by a written contract, as in the present case, *see F.H. Prince & Co. v. Towers Fin. Corp.*, 275 Ill. App. 3d 792, 804 (1995), Defendants can allege unjust enrichment as an alternate pleading. Accordingly, the fourth affirmative defense/counterclaim is not stricken.

Defendants' fifth affirmative defense alleges that Plaintiff failed to mitigate damages. This affirmative defense, in addition to the introductory paragraph, sufficiently puts Plaintiff on

3

notice that one of Defendants' affirmative defenses is Plaintiff's failure to mitigate damages. Therefore, Plaintiff's motion is denied as to these defenses. *See Tome Engenharia E. Transportes v. Malki*, 1996 WL 172286 (N.D. Ill. April 11, 1996) (finding affirmative defense that "[p]laintiff has failed to mitigate its damages" was sufficiently pled).

Defendants' sixth, ninth, and tenth affirmative defense alleges estoppel, statute of limitations, and laches, respectively. These defenses are proper affirmative defenses pursuant to Rule 8(c) and sufficiently place Plaintiff on notice of the defenses. Accordingly, Plaintiff's Motion to Strike these affirmative defenses is denied. *See Wausau Ins. Co. v. Woods Equip. Co.*, 2002 WL 398542 (N.D. Ill. March 14, 2002).

Defendants' seventh affirmative defense alleges lack of damages. Defendants have agreed to withdraw this affirmative defense. Accordingly, Defendants' seventh affirmative defense is withdrawn.

Defendants' eighth affirmative defense alleges that "If Plaintiff suffered any damage, which is denied, then any such alleged damage resulted solely from his own acts or omissions and/or other acts or omissions of other third persons for whom Fidelity is not responsible." In its response, Defendants label this defense as contributory/comparative negligence. Plaintiff's complaint does not allege negligence. Accordingly, Defendants are improperly pleading contributory/comparative negligence. Therefore, Defendants' eighth affirmative defense is stricken.

For the foregoing reasons, Plaintiff's Motion to Strike and Dismiss Defendants' Affirmative Defenses is granted in part and denied in part. Defendants' first, second, and eighth affirmative defenses are stricken. Defendants' seventh affirmative defense is withdrawn.

Dated: November 13, 2002

JOHN W. DARRAH
United States District Judge